**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 06 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICAN SEAFOODS COMPANY LLC, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> AHOKAYA V. LANU NAUFAHU, <br><br> Defendant - Appellant. | No. 14-35354 <br><br> D.C. No. 2:13-cv-01235-JCC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, Senior District Judge, Presiding

Submitted August 31, 2016[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and DAVIS,[***] Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Andre M. Davis, Senior Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

Appellant Ahokava Lanu Naufahu[1] challenges the summary judgment in favor of Appellee American Seafoods Company LLC ("American Seafoods") that Naufahu is not entitled to maintenance and cure, compensation available under general maritime law to a seaman who falls ill or becomes injured while in the service of a ship, *see Lipscomb v. Foss Maritime Co.*, 83 F.3d 1106, 1109 (9th Cir. 1996), from his former employer. For the reasons set forth below, we affirm. The parties are familiar with the factual background, so we do not recite it here.

American Seafoods moved for summary judgment on the grounds that Naufahu was not entitled to maintenance and cure because his pulmonary conditions did not arise or manifest while he was working in service of the vessel and because, even if they did, Naufahu has reached maximum medical improvement for his conditions. American Seafoods also argued that, in any event, Naufahu's willful failure to disclose his medical conditions in 2010 when specifically asked about them precluded him from seeking relief. The district court found that there were genuine disputes of material fact regarding whether Naufahu's pulmonary conditions "occurred, [were] aggravated, or manifested" while he worked for American Seafoods and whether Naufahu had reached

---

[1] Naufahu's first name was apparently misspelled in the caption of this case.

maximum medical improvement status.  But it granted summary judgment to American Seafoods on the last ground, known as the willful concealment defense.

We review de novo a district court's decision granting summary judgment. *Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 975 (9th Cir. 1999).

This case does not present a genuine issue of material fact.  Rather, the primary question is whether American Seafoods satisfied the materiality prong of the willful concealment defense.

Regarding the materiality issue, we hold, for the same reasons as in the companion case, *Coastal Villages Pollock, LLC v. Naufahu*, No. 14-35353, that American Seafoods satisfied the materiality prong of the willful concealment defense as a matter of law.  Here, American Seafoods asked about specific health conditions relevant to the work that Naufahu would perform aboard the *Northern Hawk* on a preemployment questionnaire and an updated health assessment, documents that it used to make hiring decisions, and an American Seafoods representative testified that the company would have conducted further inquiry and may not have hired Naufahu had the seaman disclosed his pulmonary conditions. Thus, the company satisfied the materiality requirement of the willful concealment defense.  *See Burkert v. Weyerhaeuser S.S. Co.*, 350 F.2d 826, 829 n.4 (9th Cir. 1965).

3

Further, we reject Naufahu's alternative assertion that he is entitled to maintenance and cure notwithstanding his willful concealment because his health problems arose and the obligation to provide compensation vested at some point before the willful omission. Naufahu has presented and this Court is aware of no legal authority supporting such an argument.

**AFFIRMED.**